# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **J.G.**

**No. 19-0837** (Berkeley County 18-JA-165)

**FILED**
**April 28, 2020**
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother A.H., by counsel Dylan Batten, appeals the Circuit Court of Berkeley County's August 8, 2019, order terminating her parental rights to J.G.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, Tracey Weese, filed a response on behalf of the child in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her an extension of her post-adjudicatory improvement period and in denying her request for a post-dispositional improvement period.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2018, the DHHR filed an abuse and neglect petition against the parents alleging that their chronic substance abuse issues negatively impacted their ability to parent the child, J.G. The DHHR alleged that the parents abused substances, trafficked drugs, and engaged in domestic violence in the child's presence. Upon further investigation, the DHHR learned that petitioner lied about her address to Child Protective Services ("CPS") in West Virginia and Maryland in an attempt to evade intervention after the child was born drug-exposed in Maryland.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

[2]Petitioner does not assign as error the circuit court's termination of her parental rights. As such, we will not address the termination of her parental rights on appeal.

Petitioner admitted to abusing substances while pregnant with the child and that she had abused substances for approximately seventeen years. Lastly, the DHHR alleged that petitioner had an extensive history with CPS interventions, one of which resulted in her voluntarily relinquishing her parental rights to a child in 2005.

At an adjudicatory hearing held in December of 2018, petitioner stipulated to the allegations of her drug abuse as contained in the petition, and the circuit court adjudicated her as an abusing parent. Petitioner moved for a post-adjudicatory improvement period, and the circuit court granted the motion. The terms of petitioner's improvement period included participation in Narcotics Anonymous ("NA") meetings, regular drug screening, parenting and adult life skills classes, and substance abuse counseling.

On March 5, 2019, the circuit court held a status hearing on petitioner's improvement period and found that she was not substantially complying with its terms and conditions. At the next status hearing in April of 2019, the circuit court found that petitioner had made some efforts to comply with the terms and conditions of her improvement period, but had not completed or addressed other terms. The following month, the circuit court found that petitioner was substantially complying with the terms and conditions of her improvement period. At a review hearing held on June 25, 2019, petitioner moved for an extension of her post-adjudicatory improvement period. However, petitioner tested positive for cocaine and methadone during a drug screen prior to the hearing. The circuit court denied the motion and set the matter for disposition.

The dispositional hearing was held in August of 2019. The DHHR presented evidence that petitioner stopped complying with her case plan after she tested positive for cocaine on June 25, 2019, and argued in favor of terminating petitioner's parental rights. Specifically, petitioner stopped submitting to drug testing, resulting in eighteen missed screens; stopped attending her NA meetings; and failed to stay in regular contact with the DHHR to reinstate her visitations with the child. Petitioner testified that she lost all motivation to follow through with the case plan after her visitations with the child were stopped. Despite admitting that she would test positive for cocaine and heroin if tested that day, petitioner testified that she did not need to complete long-term drug treatment. Petitioner moved for a post-dispositional improvement period and testified in support of her motion. The circuit court denied the motion, finding that petitioner's failure to acknowledge her need for long-term treatment made it unlikely that she would be able to address her drug addiction in the near future and be successful in another improvement period. The circuit court further found that petitioner failed to provide proof that she could financially support the child or that she left the abusive relationship with the father who remained addicted to drugs. Ultimately, the circuit court found that there was no reasonable likelihood that petitioner could correct the conditions of abuse and neglect in the near future and that termination of petitioner's parental rights was necessary for the child's welfare. The circuit court terminated petitioner's parental rights by order entered on August 8, 2019.[3] It is from the dispositional order that petitioner appeals.

---

[3]The father voluntarily relinquished his parental rights to the child below. According to the DHHR, the permanency plan for the child is adoption in his relative foster placement.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner asserts that the circuit court erred in denying her request for an extension of her post-adjudicatory improvement period in light of "the marked and prolonged progress she had made in her case." Petitioner argues that the circuit court abused its discretion when it denied petitioner's request on the sole basis of petitioner's relapse on June 25, 2019. Petitioner also argues that the circuit court abused its discretion when it denied her request for a post-dispositional improvement period. We disagree.

Pursuant to West Virginia Code § 49-4-610(6), "[a] court may extend any improvement period . . . *when the court finds that the respondent has substantially complied with the terms of the improvement period*." (Emphasis added). As outlined above, the circuit court specifically found that petitioner was noncompliant with the terms of her case plan, which clearly supports the denial of an extension, especially in light of the fact that West Virginia Code § 49-4-610 provides circuit courts discretion to extend or terminate an improvement period. While it is true that petitioner was found to be substantially compliant with her case plan at the May of 2019 status hearing, she fails to recognize that her post-adjudicatory improvement period expired as of the June of 2019 hearing, and that the circuit court, having learned of her relapse, reasonably believed that she was unlikely to comply with an extension of her improvement period. We have held that "courts are not required to exhaust every speculative possibility of parental improvement . . . where it appears that the welfare of the child will be seriously threatened." *Cecil T.*, 228 W. Va. at 91, 717 S.E.2d at 875, syl. pt. 4, in part. The circuit court granted petitioner a post-adjudicatory improvement period and found that she had failed to remain drug free by the end of its term. The circuit court was not required to wait and see if petitioner would finally address her seventeen-year-long substance addiction. As we have previously noted

> the early, most formative years of a child's life are crucial to his or her development. There would be no adequate remedy at law for these children were they permitted to continue in this abyss of uncertainty. We have repeatedly emphasized that children have a right to resolution of their life situations, to a basic level of nurturance, protection, and security, and to a permanent placement. The legislature

has recognized this by limiting the extent and duration of improvement periods a court may grant in an abuse and neglect case.

*State ex rel. Amy M. v. Kaufman*, 196 W. Va. 251, 257–58, 470 S.E.2d 205, 211–12 (1996).

Moreover, after June 25, 2019, petitioner ceased regularly submitting to drug screens, staying in contact with the DHHR, attending her NA meetings, and failed to reinstate her visitation with the child—all evidence that she was unlikely to comply with the terms and conditions of a post-dispositional improvement period. Most importantly, despite admitting that she would test positive for cocaine and heroin if tested on the date of the dispositional hearing, petitioner testified that she did not need to complete long-term drug treatment. We have previously held

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted). As such, petitioner's failure to acknowledge her need for long-term drug treatment made it unlikely that she would be able to address her drug addiction in the near future and be successful in another improvement period. Based on the foregoing, we find no error in the circuit court's denial of an extension of petitioner's post-adjudicatory improvement period and denial of her request for a post-dispositional improvement period.

For the foregoing reasons, we find no error in the decision of the circuit court, and its August 8, 2019, order is hereby affirmed.

Affirmed.

**ISSUED**: April 28, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

4